THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. ELIZABETH MORROW.

No. 108.

1. EVIDENCE — *Demurrer.*  The evidence in this case examined, and found to be sufficient to authorize the jury to find a verdict for the plaintiff below. The court did not err in overruling the demurrer to the evidence on the trial in this case.

2. RAILROAD — *Negligence of Section Employees.*  Where section-hands, in repairing a railroad-track, place a hand-car, with tools, buckets and coats thereon, by the side of the track, and within the margin of a highway, near the traveled road, in such a position as naturally or manifestly to be calculated from its appearance and situation to frighten horses of ordinary gentleness and broken to travel along the same, and a traveler on the highway, riding a horse of ordinary gentleness and broken to travel along the road, and exercising ordinary care and prudence, attempts to cross the railroad-track, and in passing said hand-car his horse is so frightened that he becomes unmanageable, and in his fright throws the rider to the ground and thereby injures him, it would be such negligence on the part of the employees of the railroad company as would render the company liable for damages sustained thereby.

3. INSTRUCTIONS — *Request Properly Refused.*  Where the court has given the jury full instructions on all matters of law which are necessary for their guidance under the issues and evidence in a case, and the defendant then makes a request in writing to the court for special instructions to the jury, and that portion of the

request that contains the law correctly has already been given by the court in the general charge, although in different form from the request, it is not error for the court to refuse to give the instructions in the form requested.

4. FINDINGS, *Sufficient and Consistent.* The special findings of fact have been examined and are found to be consistent with the general verdict of the jury, and the several findings are in harmony with each other. The court did not err in overruling the motion for judgment against the plaintiff below on the special findings notwithstanding the general verdict.

MEMORANDUM.—Error from Montgomery district court; J. D. McCUE, judge. Action by Elizabeth Morrow against The Atchison, Topeka and Santa Fe Railroad Company to recover for personal injuries. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed July 13, 1896, states the material facts.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*O. P. Ergenbright,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This action was commenced by Elizabeth Morrow against the Atchison, Topeka & Santa Fe Railroad Company to recover damages on account of personal injuries sustained by being thrown from a horse which became frightened by a hand-car, as she was about to cross the track of the railroad. The fright of the horse, she alleges, was caused by the agents and servants of the railroad company in negligently and carelessly placing the hand-car on the public highway by the side of the railroad in such a position as to cause her horse — which is a gentle and well-broken animal — to take fright and become unmanageable. The railroad company denied all the allegations of the petition, and charged the plaintiff

below with negligence which contributed directly to the injury complained of. The reply deniᵈ d negligence on the part of the plaintiff below. The issues were tried before the court and a jury, and resulted in a verdict and judgment for the plaintiff below. The railroad company brings the case to this court, and asks a reversal of the judgment.

On the conclusion of the evidence of the plaintiff below, the railroad company interposed a demurrer to the evidence, which was overruled, and exceptions taken. This· ruling is the first error assigned for which the court is asked to reverse the judgment. It is contended by the plaintiff in error that there was no negligence shown on the part of the railroad company, and that the injuries received by the plaintiff below were the direct result of her own carelessness and negligence.

The evidence on the trial tended to prove that on the 10th day of June, 1890, the section-foreman on the Atchison, Topeka & Santa Fe railroad and his trackmen were engaged in repairing the track of the railroad on the section between Cherryvale and Independence; that the section-foreman had four men working with him, and they used a hand-car to carry the men, the tools and their dinner-buckets along the road to their work and return; that when they arrived at the point at which they were to perform the labor of repairing the road, the hand-car was removed from the track and placed by the side of the road; that the men placed the tools and their dinner-buckets on the hand-car, and when it was removed from the track they took from the car such tools as were required to do the work; that the remainder of the tools, the dinner-buckets and men's coats were left on the car; that they were at work in repairing the track at a point where the rail-

road crosses a public highway, between sections 161 and 162 ; that on arriving at the crossing to be repaired the hand-car was removed from the track and placed near the dump, on the right of way, on the west side of the crossing of the wagon road, and south of the railroad, about 18 feet from the center of the main travel of the wagon road ; that the men commenced to work at the crossing about 8 or 9 o'clock in the morning ; that just as the men were about to remove the plank from the track, the plaintiff below came along on horseback, going south, and crossed over the track at the crossing ; that the men worked on the crossing until they completed the work of repairs, and then worked during the remainder of the day along the track near the crossing ; that the hand-car remained at the point where it was removed from the track in the morning until the men quit their work in the afternoon ; that at the point where the railroad-track crosses the public highway the railroad runs from the northeast to the southwest, and the highway north and south ; that about 3 or 4 o'clock in the afternoon, as the plaintiff below was returning to her home on horseback, going north, and when near the railroad track, her horse was frightened at the hand-car standing by the side of the track and within the limits of the public highway, and she was thrown from her horse upon the ground and injured.

It is claimed that, before any negligence could be imputed to the railroad company on account of placing the hand-car on the side of the dump near the road, it was necessary to establish by evidence that the employees of the company knew that it would naturally and manifestly tend to frighten horses traveling upon the highway, when placed in that position ; otherwise their act in placing it there would not be negligent.

The evidence shows the length of time the section-foreman had been engaged in working on the railroad as a section-foreman, his means of observation of a hand-car, his knowledge of its construction, its appearance with the tools, buckets, coats, etc., on the car, and the condition of the crossing.   Being a man of intelligence, he must have taken notice of such objects as would necessarily produce fright in horses that are docile and well broken.   The location of the hand-car, its proximity to the highway, the tools and dinner-buckets and other articles on the car were fully described in the evidence, and the circumstances attending the whole matter were in evidence before the jury, and the evidence tended strongly to sustain the allegations of the plaintiff's petition.   There was no error in overruling the demurrer.

The trial court, among other instructions to the jury, gave the following:

"6. She is required to prove that the employees and servants of the defendant placed a hand-car near said highway, and near the beaten track of the same; that said hand-car was an object, placed in the position stated, naturally or manifestly calculated, from its appearance and situation, to frighten horses of ordinary gentleness, and broken to travel over the highway and traveling along the same; that the horse the plaintiff was riding was frightened by said hand-car, and became unmanageable and threw the plaintiff to the ground, and injured her in the manner charged and alleged in her petition.

"7. Proof that the plaintiff sustained injuries as alleged will not alone authorize a verdict in her favor. The plaintiff must prove that said injuries were caused by a wrongful act of the defendant, its employees or servants.   A person who does an act that is not unlawful cannot be held responsible for any resulting injury, unless he does it at a time, or in a manner, or under certain circumstances, which ren-

ders him chargeable with a want of due care and regard for the rights of others, and the want of such care constituted the negligence complained of. The placing of said hand-car near said highway was not of itself wrongful or unlawful on the part of the defendant, its employees or servants. The wrong, if any, in so placing the hand-car must be necessarily sought for in the time, manner and circumstances under which the act was performed, and from them you must determine whether the act of placing the hand-car in such a position was negligence on the part of the defendant, its employees or servants.

"8. You will notice that the only negligence imputed to the defendant is the 'needless, unnecessary, unlawful, negligent and careless placing of the hand-car in the public highway, and so near the traveled and beaten track as to naturally frighten horses of ordinary gentleness traveling along said highway.' Negligence is defined to be the want of care. In this case it is ordinary negligence that is imputed to the defendant. Ordinary negligence is the want of ordinary care and prudence; that is, such care as men of ordinary care and prudence exercise in matters of like kind, under like circumstances and surroundings, to avoid injury to others.

"9. Negligence is not presumed; it is a fact to be proven by the plaintiff; and it is a question of fact to be determined by you, from all the evidence in this case, whether the defendant, its employees or servants, were guilty of any negligence in placing the hand-car upon its right of way, and near or upon the highway.

"10. It is not every obstruction on a highway, irrespective of its character, that is illegal, even though it is not sanctioned by any expressed legislative authority. Adjoining landowners may use a portion of the public highway temporarily in making repairs, for the deposit of materials or tools necessary for use in making such repairs, and thus temporarily obstruct a portion of the highway, and if they do not unnecessarily obstruct or interfere with the lawful use of the

highway by others, negligence or wrong is not to be imputed to them for so doing. If you find from the evidence that the placing of the hand-car in such position was naturally or manifestly calculated, by its appearance and position, to frighten horses of ordinary gentleness and well broken to travel along the highway and traveling along the same, and that the defendant or its employees at the time were aware of such fact, you will be justified in finding such act to be negligence on the part of the defendant, its agents and servants. If you find that the defendant was guilty of negligence in placing such hand-car on its right of way near to the highway, or upon the highway and near the traveled track of the same, and that the plaintiff was riding along said highway on a horse ordinarily kind and gentle, and broken to travel on the public highway, and the plaintiff's horse, without fault of the plaintiff, was frightened by the appearance of said hand-car and became unmanageable and threw the plaintiff to the ground, and she sustained the injuries or some of the injuries alleged by her, your verdict must be for the plaintiff."

"12. And if you find that the hand-car, situated and placed on the right of way of the defendant and outside of the limits of the highway, was placed in such a position by the employees of the defendant that it would naturally or manifestly frighten horses of ordinary gentleness and broken to travel on the highway, traveling along, and such employees were aware of the fact that a hand-car so placed was an object naturally calculated, from its appearance, to frighten horses ordinarily gentle and well broken to travel on public roads and traveling along the same, and you further find that the plaintiff was riding such a horse along the said public highway, and her horse, without fault on her part, became frightened at the appearance of such hand-car, and became unmanageable and threw her to the ground, and she thereby sustained the injuries complained of, you should find for the plaintiff, if you find such act of the employees of the defendant to have been negligence."

"15. The defendant in its second cause of defense alleges that the plaintiff's injuries, if she has sustained any, were caused by her own negligence in riding on a horse which was easily frightened and unsafe to be ridden by her. This is an affirmative defense, and the burden of proving the same (except it is shown by the evidence offered by the plaintiff) rests upon the defendant. The jury are instructed that it is the duty of a traveler on the public highway who is about to cross a railroad-track to make vigilant use of his senses, in order to ascertain whether there is present danger in crossing, and a traveler who fails to take this precaution is not using ordinary care; and although you may find from the evidence in this case that the defendant was guilty of negligence in placing the hand-car in the place in which it was, and that it would naturally tend to frighten horses, still if you find from the evidence that the plaintiff knew this fact, and on approaching said crossing did not exercise ordinary care and caution for the purpose of ascertaining whether or not it was dangerous for her to cross said crossing, she would not be using ordinary care, and if the injuries resulted from said failure she would be guilty of contributory negligence and could not recover, and in such case your verdict should be in favor of the defendant. You are further instructed, that although you may find from the evidence in this case that it was negligence on the part of the company to leave the car in such close proximity to the traveled portion of the highway, and that it would naturally tend to frighten horses, still that fact did not relieve the plaintiff from the necessity of taking ordinary precautions for her safety."

We think the instructions of the court were clear, full, and stated the law applicable to the evidence in this case. We have examined the authorities cited in the brief of counsel for plaintiff in error and do not think they are applicable to the facts in this case. Most of them relate to the care to be observed by a person traveling upon the highway and approaching

a railroad-crossing, where they are liable to come in contact with the engines and cars used in the operation of the road. It has been repeatedly held by the courts of this country that a railroad-track is of itself a warning of danger, and the traveler upon the highway approaching a known railroad-crossing must recognize the danger, and exercise great care and caution in approaching the same ; that he must use his senses to discover whether a train of cars is approaching, so as to avoid a collision therewith or to prevent injury by fright to his team. It was the duty of the plaintiff below, when approaching the railroad-crossing and seeing the hand-car standing beside the railroad and near the road she was traveling, to use care and caution in the management of her horse, so as to avoid injury by the fright of her horse. She was under no greater obligation to use care to prevent injury by fright of her horse than she would have been in passing any other object at any other point on the road that was liable to frighten her horse, whether put there by the railroad company or some individual.

It is insisted that before the plaintiff can recover she must prove by the evidence of witnesses that the employees of the railroad company, at the time they placed the hand-car with the tools, etc., by the side of the road, knew that it naturally and manifestly was calculated to frighten horses that were gentle and well broken ; and that, as the evidence failed to prove knowledge on the part of the employees, no recovery could be had ; and, on the other hand, it insisted that it was the duty of the plaintiff below to take notice that the hand-car, in the condition and position in which it was placed, was a warning of danger, and, because she did not take greater care than was observed by her, she was guilty of negligence which

contributed directly to her injury; in other words, that the traveler on the highway is bound, at his peril, to have greater means of observing the danger than the party who places a dangerous object near the road. If the hand-car, in the condition and position in which it was placed, was such that the plaintiff below must take notice of its liability to frighten her horse, it seems evident that the parties placing it there must necessarily have known that it would naturally and inevitably frighten gentle and well-broken horses in passing along the highway. It was the duty of the employees of the railroad company, when they went out to repair the railroad crossing and removed the hand-car from the track, to use reasonable care in placing it where it would not necessarily and manifestly frighten gentle and well-broken horses. The plaintiff below was under corresponding obligations to use such care and caution, and so to manage her horse as to avoid injury by fright to her horse; and if the plaintiff below used such care and caution in the management of her horse as a reasonably prudent, careful person would under like circumstances, and has not been guilty of any negligence that tended directly to produce the injury, and if the employees were guilty of negligence in placing the hand-car in such position on the margin of the public highway, and she was injured in consequence of such negligence, she was entitled to recover for such injuries. The whole questions of the negligence of the employees of the railroad company and of the contributory negligence of the plaintiff below, if any, were properly submitted to the jury and were proper subjects for the consideration of a jury.

It is claimed by plaintiff in error that the court erred in refusing to instruct the jury as requested by

the railroad company. We do not think there was any error in the court's refusing to instruct the jury as requested by the defendant below. The court had instructed the jury fully on all that was necessary for their information concerning the law applicable to this case, and the general instructions contained all of the matter set out in the instructions requested that was proper or applicable to the issues and evidence in this case; and the court was not compelled thereafter to use the exact expression set out in the written instructions requested. The court had a right to use its own form of expression, so that it stated the general principles of law applicable to the case correctly.

It is insisted by plaintiff in error that the court erred in the admission of evidence during the trial — that the testimony of Baker and Wagner was improperly admitted because: (1) The question of whether or not the obstruction in question would, or would not, naturally and manifestly tend to frighten horses of ordinary gentleness was not a subject for opinion or expert testimony; (2) because the competency of the witnesses was not shown. It is claimed that a given object will not frighten all gentle horses, and consequently is not the subject for opinions of witnesses as to whether certain objects in the margin of the road will naturally or manifestly frighten gentle horses. The court sustained most of the objections to questions asked the witnesses, as to whether hand-cars set off the railroad-track in or near the public highway would have a tendency to frighten ordinarily gentle and docile horses. But after witnesses stated their occupation, their familiarity with horses, from handling of different kinds of horses for many years as farmers and liverymen, and their observation of habits and disposition of horses to become frightened at ob-

14—4 KAN. APP.

jects along the road, they were permitted to state what the usual habits of ordinarily gentle, docile horses were with reference to becoming frightened at hand-cars set off on the margin of public highways. The testimony of these witnesses was directed to the natural tendency of horses of ordinary gentleness and docility, in general. These witnesses were accustomed to observe the habits of all classes of horses, and had been accustomed to driving and riding horses along public highways, and had observed their natural habit to take fright from objects in and along the road. Their testimony was based wholly upon their statements as to their experience and observation for learning the natural tendencies of horses of ordinary gentleness and docility. We think they were competent to give evidence of the natural habits and tendencies of horses of this class. (1 Greenl. Ev. § 440.) But if the testimony of these witnesses was not competent, the testimony is not of such character as to have resulted prejudicially to the plaintiff in error. The witness Baker did not give any opinion respecting the question as to whether a horse of ordinary gentleness would naturally become frightened at such an object as a hand-car placed beside the road. All he said in that regard was, "I do not know whether it would or not." The witness Wagner said: "It would scare some horses, and some it would not," and he added that it would naturally have a tendency to frighten a horse of ordinary gentleness and docility.

The final contention of plaintiff in error is, that the plaintiff below was not entitled to recover under the special findings of fact returned by the jury. We think the special findings of fact are in harmony with the general verdict and are consistent with the verdict. There is no inconsistency in the findings of

fact, and there was no error in overruling the motion of defendant below for judgment against the plaintiff below for costs on the special findings of fact.

The judgment of the district court is affirmed.

All the Judges concurring.