REUBEN STORY ET AL. V. J. JONES ET AL.

Delivered April 3, 1897.

**1. Foreign Court—Land in Texas—Decree Ordering Sale—Validity.**

A deed to land in Texas made under a decree of a Kentucky court, reciting that "such proceedings were had in said cause that a decree was rendered ordering a sale of the land, will not be held invalid twenty-five years after the rendition of the decree, on the ground that the Kentucky court had no jurisdiction to enter a decree affecting the title to land in Texas.

**2. Pleading—Admission of Interest in Land—Divestiture of Title.**

An answer filed in a chancery suit fifteen years before final decree therein, admitting that a specified person is entitled to specified land patented in the name of the answering defendant, who is ready and willing to execute proper deeds of conveyance to such person as the court by decree may direct, is insufficient in itself to divest the title of such defendant.

APPEAL from Archer.    Tried below before Hon. GEORGE E. MILLER.

*Carrigan & Montgomery*, for appellants.—The deed from Robert Cochran as commissioner, and Wm. Terry as trustee, made by order of the Louisville Chancery Court, to John S. Long, through which defendants claim title, is void, as it was made by virtue of a decree of a court which had no jurisdiction or power to affect the title to land in Texas.    Railway v. Gay, 86 Texas, 597; Morris v. Hand, 70 Texas, 481; Moseley v. Burrow, 52 Texas, 404; Paschal v. Acklin, 27 Texas, 193; Barnett v. Poole, 22 Texas, 520; Oaky v. Bennett, 11 How., 33; Story on Conflict of Law, sec. 414; Vanfleet on Coll. Attack, sec. 521.

*Coke & Coke, F. E. Dycus*, and *Theodore Mack*, for appellees.—The title being in the Texas Emigration and Land Company, the deed of Terry, trustee, was effectual to pass the same if said trustee had power to convey title.    The title passed by virtue of the power of the grantor to convey, and not by virtue of any power in the court to pass the title.    If the trustee had the power to convey, and did convey, his deed passed the title, though he was moved to exercise that power by an order of court. Railway v. Gay, 86 Texas, 588, 589; Morris v. Hand, 70 Texas, 483.

STEPHENS, ASSOCIATE JUSTICE.—Appellants, the heirs and devisees of Robert Story, brought this action of trespass to try title against the appellees to recover two tracts of Peters Colony land of 320 acres each, situated in Archer County, Texas, and known as surveys 1400 and 1873. The land was patented to the Texas Emigration and Land Company in the year 1856.

In order to show a claim under a common source of title, they read in evidence a deed to the land purporting to have been made in 1873, in pursuance of a decree of the Louisville Chancery Court, of Kentucky. This deed was executed by Robert Cochran, commissioner of said court, and William Terry, purported surviving trustee of said land company, and conveyed the land to John S. Long, who afterwards conveyed the same to the appellees. The conveyance to Long was promptly recorded in Archer County, and the appellees seem to have claimed title under it ever since.

In order to show a superior title in themselves, appellants read in evidence an answer purporting to have been filed in said chancery suit in the year 1859 by James Guthrie, Thomas Coleman, and William Terry, described therein as the trustees of the Texas Emigration and Land Company, signed by "A. B. Fontaine, for defendants," and sworn to by Thomas Coleman, to the best of his knowledge and belief. In this answer they say: "That they admit that said Story at the time of his death was the owner of six shares of the stock of said company, and that under a division of the larger part of said lands in February, 1858, he became entitled to nine half sections of 320 acres each, situated within what is known as Peters Colony, in the State of Texas, which said nine half sections of land are known upon the maps of said company's land on file in the General Land Office of said State by numbers 237, 243, 1042, 1309, 1400, 1783, 1873, 3209. That the title to said land is yet in said company, and that these defendants are ready and willing to execute proper deeds of conveyance for said land to such person or persons as the honorable court by decree may direct. Defendants state that the plaintiffs on the 21st day of October, 1858, conveyed by assignment on the books of said company all the remaining undivided interest of said Story in said six shares of stock to other parties, and now the whole interest of said Story in the land or stock of said company consists in the nine half-sections of land above enumerated."

The final decree entered by the Louisville Chancery Court was not offered in evidence, nothing further of the proceedings therein being shown than the following order, entered November 30, 1860: "This cause is retained for a conveyance from the trustee or commissioner of the Texas Emigration and Land Company to Edward McKinder one-half and to William Story's children one-half of said land in Texas." The deed to Long, made under the final decree, recites, that "such proceedings were had in said cause that a decree was rendered ordering the sale of certain patents or certificates for land in the State of Texas," describing the land in controversy.

The contention of appellants seems to be that, as the Kentucky court was without jurisdiction to enter a decree affecting the title to land in Texas, nothing passed to Long by this deed, and consequently that appellees' chain of title is founded upon a nullity. In support of this contention they cite the opinions in Railway v. Gay, 86 Texas, 597; Morris v. Hand, 70 Texas, 481, and several other cases.

We have no disposition to take issue with them upon the general proposition of law underlying their contention, but we hardly think this record would justify us in holding the proceedings of the Louisville Chancery Court, and the conveyance in pursuance thereof, to be without effect. The very authorities cited recognize the power of courts in certain cases to compel parties interested, of whose persons the court has jurisdiction, to execute conveyances to land outside of the jurisdiction of the forum. For aught that appears from the record before us, the decree under which the conveyance in question was made was a consent decree, the deed only reciting that "such proceedings were had in said cause that a decree was rendered ordering the sale," etc. Indeed, the proceedings seem to have had a partition feature, and it is not improbable that an agreed partition included the sale in question. If the decree was of this nature, we see no reason why the deed under it did not pass the title. At all events, we are loath to declare a deed made in pursuance of a decree of twenty-five years' standing to be null, at the instance of those who do not even furnish us the substance of the decree, much less a transcript of the proceedings in which it was rendered.

But if mistaken in this view, we still do not see how we are to accept the contention of appellants that the answer filed by "A. B. Fontaine, for the defendants," fifteen years before the final decree was entered, had the effect of divesting the title of the Texas Emigration and Land Company and vesting it in the appellants. It may be that this answer, in the course of these fifteen years, which included a period of civil war, was entirely withdrawn or abandoned. Whatever probative force it might have had in that case and for the purposes of that suit as an admission, it hardly had the effect of a conveyance of the title to the Emigration and Land Company. At most, the facts so admitted tend to show equities in the appellants which have been so long neglected as to become stale; and if the whole proceeding was void, the legal title was left outstanding in said company.

In the first and second assignments of error appellants complain of the court's failure to make certain findings of fact; but as no request was made of the court for such additional findings, they can not be heard now to complain of the omission.

But, adopting as our conclusions of fact the statement of material facts found in their brief, pages 2-6, the substance of which is above given, we conclude that appellants as plaintiffs in an action of trespass to try title wholly failed to make out their case; and also, that the defense of stale demand was probably sufficient to defeat any recovery. French v. Koenig, 8 Texas Civ. App., 341.

*Affirmed.*

TARLTON, C. J., not sitting.

Writ of error refused.