CLARENCE B. LUMMIS v. MILLVILLE MANUFACTURING
COMPANY.

Submitted December 1, 1904—Decided March 23, 1905.

1. Where delivery of a schooner load of grain by the vendor was a material part of the contract of sale, the vendee, by acceptance and the assumption of the risks incident to a delay in unloading the cargo, may render himself liable for the purchase-price, notwithstanding the schooner sank before it was unloaded.
2. *McNeal* v. *Braun*, 24 *Vroom* 617, distinguished.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the plaintiff, *William A. Logue.*

For the defendant, *Walter H. Bacon.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff, having sold a cargo of corn to the defendant, and having agreed to deliver it at Millville, shipped the corn by a schooner that arrived at Millville on May 5th. On the morning of May 6th the plaintiff and defendant had a conversation, at Millville, after which the plaintiff delivered the bill of lading to the defendant, and the defendant paid for the cargo by a check, which the plaintiff, on his return to Bridgeton, deposited in bank. That night the schooner sank. Payment of the check having been stopped, the plaintiff brought this action against the defendant for the purchase-price of the cargo.

The defendant denied its liability upon the ground that the plaintiff's contract to deliver had not been fully performed at the time the schooner sank. Motions to nonsuit the plaintiff and for a direction of a verdict for the defendant

having been refused, the case was submitted to the jury, who rendered a verdict for the plaintiff. The defendant thereupon obtained this rule to show cause why the verdict should not be set aside, relying upon the case of *McNeal* v. *Braun*, 24 *Vroom* 617.

The general propositions illustrated by that case are that where delivery by the vendor has been made a material part of a contract of sale the vendor's right to the purchase-price is not complete so long as either the contract of sale or the contract to deliver remain unperformed; that under such a contract the carrier selected by the vendor as his agent to make delivery remains so until the vendee has been afforded a reasonable time to inspect and unload, and that the risks incident to such delivery fall upon the vendor, and not upon the vendee.

In the application of these doctrines to the concrete facts of McNeal v. Braun, it was held that the testimony in that case did not warrant the inference that the cargo of coal had been accepted by the vendee because a reasonable time for inspection was not afforded him, and also that the contract to deliver had not been performed because the carrier had not kept the coal afloat long enough to afford the vendee a reasonable time within working hours in which to unload it.

In the present case the plaintiff testified that the defendant, on the morning after the cargo arrived, made such inspection as he chose to make and accepted the cargo and paid for it, and that for personal reasons he put off unloading the schooner until the day following against the protest of the carrier, who, however, took his orders from the defendant after learning that the bill of lading had been transferred to him. The testimony of the plaintiff in other respects tended to show that after the defendant had paid him for the cargo the defendant assumed entire direction of the carrier and responsibility for the future unloading of the grain. The truth of this testimony being denied by the defendant, a case was presented for the jury, to whom it was submitted under instructions based upon the opinion delivered in McNeal v. Braun.

We perceive no legal error in the conduct of the trial, and as the verdict was not contrary to the weight of the testimony, the rule to show cause will be discharged, with costs.