WILLIAM C. BUTLER v. EASTON AND AMBOY RAILROAD COMPANY ET AL.

Submitted July 6, 1906—Decided February 25, 1907.

A person who leaves upon a public highway an object which frightens a horse passing by, and so causes injury to the driver thereof, is not responsible for such injury unless the object is one which has a tendency to produce fright in a horse which observes it; and, therefore, one seeking to recover damages resulting from the fright of a horse under such conditions must not only aver in his declaration, but must prove at the trial, that the object which caused the fright of his horse was of such a character as to be likely to produce that result.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the rule, *H. Burdett Herr.*

*Contra, William C. Gebhardt.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in this case, while driving along a public highway at Lansdowne, at a point where it is crossed by the tracks of the defendant company, was thrown from his wagon and injured by reason of his horse (which was gentle) taking fright and shying at a locomotive engine and tender, which were standing upon the tracks and just overlapping the exterior line of the highway. He seeks to recover compensation for his injuries from the defendant company, and he bases his right to do so upon the facts set out in the following averment in his declaration: "That the said defendants, by their servants, unlawfully and negligently permitted a certain locomotive engine and tender to stand upon said public highway, which said locomotive and tender were of great and unusual size and of unusual color

and shape, *and of such size, color and shape as was naturally calculated to frighten horses of ordinary gentleness."* A person who leaves upon the public highway an object which frightens a horse passing by and so causes injury to its driver, may or may not be legally responsible for such injury. If the object is one which is naturally calculated to frighten horses, he is responsible; if it is one which has no such tendency, he is not. *Ellis Roads, &c.,* 450, and cases cited; *McCann* v. *Consolidated Traction Co.,* 30 *Vroom* 481. That the pleader who drew the declaration in the cause was fully aware of this limit of liability, and assumed that the presence in the highway of a locomotive and tender of ordinary size, shape and color would not be likely to frighten a gentle horse familiar with the appearance of such appliances, is apparent from the averment referred to. When this case was before us on a review of a former trial we pointed out that the verdict (which was for the plaintiff) was rested entirely upon the mere presence of a portion of the tender within the boundaries of the highway, and not to any extent upon the fact that it, or the engine to which it was attached, were likely, on account of their unusual size, color and shape, to frighten horses, and for that reason directed a *venire de novo. Butler* v. *Easton and Amboy Railroad Co.,* 43 *Vroom* 27. The same condition of proofs existed at the trial now under review. The case went to the jury on no evidence of negligence on the part of the defendant except the fact that a portion of their tender was permitted to stand upon their right of way within the line of the highway. No attempt was made to show that either the engine or the tender was, by reason of its size, color or shape, or any other characteristic, likely to frighten horses. It is true that the court in its charge to the jury instructed them that in order to warrant them in finding for the plaintiff they must be satisfied "that the locomotive and tender, by reason of their size, shape and color, were unduly calculated to frighten an ordinary gentle horse," and that the jury, by their verdict in favor of the plaintiff, declared that they found this to be the fact. But as this finding was mere guesswork upon the part

of the jury, resting upon no facts proved before them, it cannot be accepted as at all determinative of the question.

We intended to indicate, in our earlier opinion (although it is apparent that we did not make it plain), that the plaintiff, in order to be entitled to a verdict against the defendant, must prove the commission by it of the negligent act which he alleged in his declaration to have been the producing cause of his injury, namely, the permitting to stand within the boundaries of a public highway a locomotive engine and tender (or some portion thereof), of great and unusual size and of unusual color and shape, and of such size, color and shape as was naturally calculated to frighten horses of ordinary gentleness. This he failed to do at the present trial, and having failed to prove the alleged negligent act which was at the foundation of his right of recovery, a nonsuit should have been directed against him at the close of his case upon the application of the defendant.

The rule to show cause must be made absolute.