JAMES W. MITCHELL

*vs.*

BANGOR & AROOSTOOK RAILROAD COMPANY.

MARTHA E. MITCHELL *vs.* SAME.

Penobscot.   Opinion October 27, 1923.

*A railroad company at a highway crossing has a superior right of passage only, to that
of the traveling public.   To all other rights it cannot claim superiority.   Negli-
gently causing the existence, within the limits of a highway, of objects reason-
ably calculated or likely to frighten horses ordinarily gentle and well
broken, traveling in the highway, constitutes negligence, for which
one may be held responsible.*

In the instant case, considering the size and nature of the push-car, its color, its
proximity to the traveled way, and whether it is customarily found in similar
places and under similar conditions, and was so situated that a horse would

come suddenly in sight of it, it cannot be said that the finding of the jury that the defendant was negligent, was manifestly wrong under the general rule as stated.

The same may be said as to the alleged want of due care on the part of the husband. As to the wife, no claim of contributory negligence can be entertained because even if the husband had lacked in due care such lack could not legally be imputed to her.

Considering the nature and extent of the wife's injuries, and her consequent suffering, the verdict in her favor, thirteen hundred dollars, cannot be deemed excessive, and the husband's award of two hundred dollars to cover expenses and loss of services, is also deemed reasonable.

On motions. Two actions tried together, the plaintiffs being husband and wife. The action by the wife to recover damages for personal injuries alleged to have resulted from the negligence of defendant, and the action by the husband to recover expenses and for loss of services of his wife. Plaintiffs alleged that the defendant corporation was negligent in allowing a hand or push-car, so called, to remain within the limits of a public highway, in the town of Alton, at which the horse of the husband being driven by him in the public way, drawing a load of boards on which the wife was riding, took fright and ran away, throwing the wife from the wagon to the ground, resulting in serious injuries to her. The two cases were tried together to a jury and a verdict of thirteen hundred dollars was rendered in favor of the wife, and a verdict for two hundred dollars rendered in favor of the husband. A general motion for a new trial was filed in each case. Motion in each case overruled.

The cases are fully stated in the opinion.

*F. W. Knowlton and Fellows & Fellows,* for plaintiffs.

*Frank P. Ayer, Henry J. Hart and George E. Thompson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL, DEASY, JJ.

CORNISH, C. J. These two actions, one brought by the husband and the other by the wife, arose from an accident that occurred on March 16, 1922, in the town of Alton, caused by the fright of Mr. Mitchell's horse at a hand or push-car removed by employees of the defendant from the railroad tracks and placed and allowed to remain

near a railroad crossing and within the limits of the public highway. The section-men had been putting new plank in the crossing. They had come there in their gasolene car and hauled the plank in the push-car. While there they received orders to proceed to another place on the railroad and make repairs and, to use the words of the section foreman, "We was there all the rest of the day, and we never thought of the push-car afterwards and so it was left there over night." This accident happened about four o'clock in the afternoon.

Mrs. Mitchell was riding on some boards placed on a truck wagon, leaning against a bag of grain and facing toward the left or west. Mr. Mitchell had also been riding on the boards but had stopped to water the horse at a point a short distance southerly from the crossing, and then had walked beside the team on the easterly side toward the crossing, holding the reins in his hands as he testified. Just as or after the horse passed over the crossing he became frightened at this push-car, jumped quickly to the left and threw Mrs. Mitchell off the team causing serious injuries.

The jury rendered a verdict in favor of the plaintiff in each action and a general motion by the defendant brings the cases before the Law Court.

## 1. NEGLIGENCE.

The principle of law upon which the plaintiffs' right of action must rest, if at all, cannot be in controversy. It is this. One may be held legally responsible for injuries resulting from negligently depositing within the limits of a highway objects reasonably calculated or likely to frighten horses ordinarily gentle and well broken traveling along the highway. This rule applies to railroads as well as to other persons or corporations. At a highway crossing the railroad company has one right superior to that of the traveling public and that is the right of passage. As to other rights, however, the railroad cannot claim superiority, and it comes under the general rule above stated as to depositing objects off the track and within the limits of the highway.

In *Lynn* v, *Hooper*, 93 Maine, 46, this rule of law is thoroughly discussed and many illustrations of its application in decided cases are cited. To these may be added as objects that under certain circumstances have been held to be likely to cause fright, and especially

pertinent in the case at bar; a push-car loaded with tools standing
on the track at a crossing, *Sherman S. & S. Ry. Co.* v. *Bridges,*
16 Tex. Civ. App., 61; push-car removed from track and placed
within the limits of the highway, *Ohio & M. Ry. Co.,* 126 Ind., 391;
same situation, *A. T. & S. F. R. R. Co.* v. *Morrow,* 4 Kan. App. 199.

The problem therefore resolves itself into one of fact.  Conditions
vary.  Were the appearance and location of this car such as to make
it a naturally fright-producing object to a gentle and well-broken
horse?  The jury have found that it was.  Is their finding manifestly
wrong?  This depends upon various considerations, such as the size
and nature of the object, its color, its proximity to the traveled way,
"whether it is customarily found in similar places and under similar
conditions," and whether it is so situated that a horse being driven
along the road came suddenly in sight of it.  Taking up these elements
seriatim the evidence discloses that the car was about eight or ten
feet long, with handles projecting about one foot at each end.  It
was painted a red or reddish color.  It was placed thirteen feet within
the highway location, the distance from the center of the road to the
outside end of the car being twenty feet, and from the wheel track to
the end of the nearest handle only four feet.  It could hardly
be said that such a push-car is customarily found in similar places and
under similar conditions; the land lay so that the car was partially
concealed and a horse going in the direction of the plaintiff's would
come in sight of it suddenly.  So much for the test elements.

In addition two witnesses testified that they passed this place
twice and their horses were frightened by the car each time.  This
class of testimony is admissible and has weight.  *Crocker* v. *McGregor,*
76 Maine, 282; *Lynn* v. *Hooper,* 93 Maine, 46.

There was some contradictory evidence as to the character of the
plaintiff's horse, but we think on the whole he could be characterized
as slightly fussy with strangers, but a well-broken horse and gentle
with its owner as driver.

Under this state of facts we think the demands of the legal rule
have been met.

### 2.  CONTRIBUTORY NEGLIGENCE.

The want of due care charged against the husband is that he did
not have the reins in his hands at the time of the accident and there-

fore could not control his horse.    He testifies squarely that he had a rein in each hand, that they were buckled, and he was driving carefully. He may and very likely did throw the reins over the post on the right-hand side of the wagon as he says, when his wife was thrown out, and when he started quickly around the team to her rescue, and they may have been found there when the team was stopped a quarter of a mile up the road.    His verdict should not be set aside on this ground.

As to the wife, no claim of contributory negligence can be entertained, because even if the husband had lacked in due care such lack could not legally be imputed to her.

### 3.  DAMAGES.

Considering the nature of the wife's injuries, and her suffering in consequence, the verdict in her behalf, $1,300, cannot be deemed excessive.    And the husband's award of $200 to cover expenses and loss of service must also be deemed reasonable.

The entry will be

*Motions overruled.*